## NATIONAL LABOR RELATIONS BOARD
v.
## COLUMBUS IRON WORKS COMPANY.
No. 15078.

United States Court of Appeals
Fifth Circuit.
Dec. 9, 1954.

Melvin Pollack, Atty., National Labor Relations Board, A. Norman Somers, Marcel Mallet-Prevost, Asst. Gen. Counsel, David P. Findling, Associate Gen. Counsel, George J. Bott, Gen. Counsel, Frederick U. Reel, Atty., National Labor Relations Board, Washington, D. C., for petitioner.

W. Edward Swinson, Swinson, Elliott & Schloth, Columbus, Ga., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

The National Labor Relations Board seeks enforcement of its order finding the respondent, Columbus Iron Works Company, guilty of unfair labor practices in refusing employment to a former supervisor as a production worker. The board held that Henry Day was a foreman; that he was laid off because of lack of work; and that, when work was resumed, his position was abolished because of technological changes.

The alleged refusal to employ Day as a production worker came during a conference between the union's agent and Paul R. Moore, an officer of respondent. The former told Moore that Day would be interested in taking a job as a maintenance and production employee. Moore replied that, since Day had made so much more money as a supervisor, and would probably be an unhappy and dissatisfied worker in a lesser position, no satisfactory arrangement could be worked out between them. During a further discussion, Moore is alleged to have made a statement to the effect that, if Day went back to work for respondent, he would be elected to the union's committee, and that that would "make for bad labor relationship in the plant." Day never personally requested employment as a production worker; it was not shown whether the agent of the union had the authority to represent Day; and respondent was never given any assurance that Day would accept production work if the same were offered to him. Although the board found that Day's job was abolished because of economic reasons, it also found that he was engaged in union activity while employed in a supervisory capacity and that the respondent was aware of such activity.

Respondent asserts that, aside from other reasons, it had a right to refuse employment to Day because he had engaged in union activities while he was a foreman. It relies upon Texas Co. v. N. L. R. B., 9 Cir., 198 F.2d 540, which held that one who was discharged as a foreman because of his union activity could be refused employment as a rank-and-file worker for the same reason. Even though respondent did not discharge Day because of his union activity, it could have done so for that reason without committing an unfair labor practice; and he may be denied employment as a rank-and-file worker because of a prior act of disloyalty while a fore-

man. It is the inherent prerogative of management to operate its business efficiently, and one means of doing this is to decide whom it shall hire. A person who has been disloyal in one capacity may be disloyal in another. Upon a consideration of the record as a whole, we think that the respondent was not guilty of an unfair labor practice in failing to employ Day as a production worker.

The evidence shows that only one of respondent's fifty supervisors was alleged to have made illegal interrogations. There were inquiries made about the progress of the union movement, but none of them was accompanied with threats. There is no connection shown to exist between the discharge of Day and the interrogations so as to establish an unfair labor practice. See N. L. R. B. v. Houston Chronicle Pub. Co., 5 Cir., 211 F.2d 848; N. L. R. B. v. Fuchs Baking Co., 5 Cir., 207 F.2d 737.

The petition for enforcement is denied.